IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LAWRY HAN, an individual,<br><br>                Plaintiff,<br>v.<br><br>TSI USA LLC, a Wyoming limited liability company,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS<br><br>Case No. 2:24-cv-00917-TS-DAO<br><br>District Judge Ted Stewart<br>Magistrate Judge Daphne A. Oberg |

This matter comes before the Court on Defendant's Partial Motion to Dismiss.[1] For the reasons discussed below, the Court will grant the Motion and allow Plaintiff leave to amend his Complaint within fourteen days of this Order.

I. BACKGROUND[2]

Plaintiff sues Defendant TSI USA LLC ("TSI") for breach of contract and other claims related to his employment at TSI.[3] On May 8, 2024, Plaintiff entered into an employment contract with TSI to be the Global Director of Product Development, Product Solutions (the "Contract).[4] The Contract stated that Plaintiff would be employed full time at TSI beginning on May 17, 2024, for two years, after which time his employment may continue at-will.[5] The

---

[1] Docket No. 30.

[2] The facts described herein are summarized from the Amended Complaint (Docket No. 24) and taken as true for purposes of this Motion.

[3] Docket No. 24.

[4] *Id.* ¶ 6.

[5] *Id.* ¶ 10.

Contract also contained provisions specifying Plaintiff's salary and other benefits. Plaintiff alleges that in addition to the Contract, he was promised that if TSI made a certain product line public, he would "receive equity of no less than one percent of the company's total shares."[6]

On October 24, 2024, Plaintiff's employment was terminated in a meeting with the TSI's Human Resources ("HR") Director and Chief Executive Officer ("CEO").[7] The HR Direction and CEO told Plaintiff he was being terminated "without cause" during the meeting, and the CEO reiterated such during a follow up call.[8] Thereafter Defendant did not pay him the remainder of the compensation owed under the Contract.[9] On October 30, 2024, Plaintiff received a termination notice from Defendant, which stated that he was terminated "for cause" and therefore would not be entitled to severance pay.[10] The notice also stated that Plaintiff "was terminated due to his failure to perform his duties and his failure to comply with the directives of his superiors."[11]

Thereafter, Plaintiff filed this suit alleging four claims against Defendant: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) failure to provide COBRA notice, and (4) promissory estoppel. Defendant filed the present Motion under Federal Rule of Civil Procedure 12(b)(6) asserting that Plaintiff fails to state plausible claims for promissory estoppel and breach of contract.

---

[6] *Id.* ¶ 17.
[7] *Id.* ¶ 22.
[8] *Id.* ¶¶ 23–24.
[9] *Id.* ¶ 25.
[10] *Id.* ¶ 26.
[11] *Id.* ¶ 27.

Having fully reviewed the parties' briefing and finding that oral argument would not be materially helpful,[12] the Court now rules on Defendant's Partial Motion to Dismiss.

## II. LEGAL STANDARD

When evaluating a complaint under Fed. R. Civ. P. 12(b)(6), the court accepts all well-pleaded factual allegations, as distinguished from conclusory allegations, as true and views them in the light most favorable to the non-moving party.[13] The plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[14] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[15] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[16]

## III. DISCUSSION

Both claims Defendant seeks to dismiss concern the same alleged promise: "that if TSI made the Product Solutions Line public, [Plaintiff] would receive equity of no less than one percent of the company's total shares."[17] Plaintiff seeks to enforce this promise under its promissory estoppel and breach of contract claims.[18]

---

[12] DUCivR 7-1(g).

[13] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[16] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

[17] Docket No. 24 ¶ 17.

[18] The Complaint pleads other bases under the breach of contract claim; Defendant only challenges this basis in its Motion.

A. Promissory estoppel claim

Defendant first argues that because the parties entered into an express employment contract, the quasi-contract claim for promissory estoppel should be dismissed.[19] Plaintiff responds that the equity promise was an independent promise as equity in the company was not included in the terms of the employment contract.[20] While "[r]ecovery in quasi contract is not available where there is an express contract covering the subject matter of the litigation[,]"[21] "it would be premature to dismiss" the promissory estoppel claim until the factfinder "determines whether there was or was not a binding contract between the parties."[22] Furthermore, under Federal Rule of Civil Procedure 8(d)(3), "[a] party may state as many separate claims or defenses as it has, regardless of consistency." The Court will therefore deny the Motion on this basis.

Defendant next challenges the promissory estoppel claim on the basis that the alleged promise is not reasonably certain and definite.[23] "Promissory estoppel is an equitable claim for relief that compensates a party who has detrimentally relied on another's promise."[24] To state a claim for promissory estoppel, a complaint must plead "(1) a promise reasonably expected to

---

[19] Docket No. 30, at 3–5.

[20] Docket No. 31, at 5.

[21] *Mann v. Am. W. Life Ins. Co.*, 586 P.2d 461, 465 (Utah 1978).

[22] *Becker v. HSA/Wexford Bancgroup, LLC*, 157 F. Supp. 2d 1243, 1253 (D. Utah 2001).

[23] Docket No. 30, at 5.

[24] *Volonte v. Domo, Inc.*, 2023 UT App 25, ¶ 49, 528 P.3d 327 (quoting *E & H Land, Ltd. v. Farmington City*, 2014 UT App 237, ¶ 29, 336 P.3d 1077); *see also Youngblood v. Auto-Owners Ins. Co.*, 2007 UT 28, ¶ 18, 158 P.3d 1088 (stating that promissory estoppel is "an affirmative cause of action . . . which arises in instances where no formal contract exists and the party seeking promissory estoppel is attempting to prove the existence of an enforceable promise or agreement.") (internal quotation marks and citation omitted).

induce reliance, (2) reasonable reliance inducing action or forbearance on the part of the promisee or a third person; and (3) detriment to the promisee or third person."[25]

"The alleged promise must be reasonably certain and definite, and a claimant's subjective understanding of the promisor's statements cannot, without more, support a promissory estoppel claim."[26] Accordingly, "the person making the promise should reasonably expect the other party to rely on it."[27] The Complaint pleads that Plaintiff was promised that if TSI made the Product Solutions Product Line public, he would receive equity of no less than one percent of the company's total shares.[28] The Complaint fails to plead any facts regarding the circumstances of the promise, such as who made the promise, or when it was made.

The Complaint also fails to allege that the promise was certain and definite, as the promise itself is conditioned on TSI deciding to bring the product line public. In *Volonte v. Domo*,[29] the Utah Court of Appeals concluded that the plaintiff could not rely on the promissory estoppel doctrine to enforce a conditional promise.[30] Here, the promise is conditional because the alleged equity was premised on whether Defendant decided to take a certain product line public. Further, the Complaint does not allege that Defendant did take the product line public either while Plaintiff was employed at TSI or after. As in *Volonte*, Plaintiff cannot enforce such a

---

[25] *Cottonwood Imp. Dist. v. Qwest Corp.*, 2013 UT App 24, ¶ 3, 296 P.3d 754 (quoting *Weese v. Davis Cnty. Comm'n*, 834 P.2d 1, 4 n.17 (Utah 1992)).

[26] *Lantec, Inc. v. Novell*, 306 F.3d 1003, 1021 (10th Cir. 2002) (quoting *Nunley v. Westates Casing Servs., Inc.*, 989 P.2d 1077, 1089 (Utah 1999)).

[27] *Volonte*, 2023 UT App 25, ¶ 49 (internal quotation marks and citation omitted).

[28] Docket No. 24 ¶¶ 17, 45.

[29] 2023 UT App 25, 528 P.3d 327.

[30] *Id.* ¶ 50.

promise under promissory estoppel. The Court therefore concludes that the Complaint fails to plead that the promise was reasonably expected to induce reliance.

The Court also finds that the Complaint fails to allege sufficient facts to support that Plaintiff's reliance on the alleged promise was reasonable. In *Anderson v. Larry H. Miller Communications Corp.*,[31] the Utah Court of Appeals addressed a promissory estoppel claim at summary judgment involving an employment contract with an integration clause and an earlier promise regarding the plaintiff's salary. There the court found that the plaintiff's reliance was reasonable where, although the representation was contrary to the contract terms, the contract included a clause that stated that the company had the right to depart from personnel policies and the promisor was in an elevated position.[32] There is no such provision in the employment agreement at issue here, and even if there was, there are not sufficient allegations to support that Plaintiff's reliance was reasonable based on the promisee or circumstances of the promise.

Plaintiff argues that the equity promise was not contrary to anything in the Contract because it did not address equity, only salary and benefits.[33] The Court does not find this argument persuasive. While the Contract does not address equity, it does contain an integration agreement, which states: "[y]our employment is subject to the terms and conditions set forth in this letter, which override anything communicated to you during your interview or as part of any other communication, about your employment with TSI USA LLC."[34] "[A] plaintiff cannot reasonably rely on a promise in light of other information that explicitly indicated that the

---

[31] 2012 UT App 196, 284 P.3d 674.

[32] *Id.* ¶ 23.

[33] Docket No. 31, at 7–8.

[34] Docket No. 30-1, at 2.

situation was not as the plaintiff understood it to be."[35] Viewing these allegations and the Contract in a light most favorable to Plaintiff, the Court concludes that the Complaint fails to plead that Plaintiff's reliance was reasonable.

The Complaint also pleads that Plaintiff "has suffered damages as a result of Defendant failing to keep its promise."[36] Save for this conclusory statement, the Complaint does not plead any detriment to Plaintiff as a result of the promise. The Complaint does not allege that Defendant brought the product line public during the time Plaintiff was employed at TSI or that the product line has since gone public or will in the near future. The Court finds that the Complaint fails to satisfy the third element of promissory estoppel. Accordingly, the Court will grant the Motion and dismiss the promissory estoppel claim. However, because it does appear at least possible that Plaintiff could overcome the deficiencies as outlined above to state a plausible promissory estoppel claim, the Court will allow Plaintiff leave to amend his Complaint.

B. Breach of contract claim

Defendant asserts that Plaintiff's breach of contract claim based on the same alleged equity share promise discussed above fails to state a claim. To state a claim for breach of contract under Utah law, a complaint must plead: "(1) the existence of a valid and enforceable contract, (2) the plaintiff having performed its contractual obligations, (3) the defendant having breached the contract, and (4) the plaintiff having suffered damages."[37]

---

[35] *Rohr v. Allstate Fin. Servs.*, 529 F. App'x 936, 942 (10th Cir. 2013) (internal quotation marks and citation omitted).

[36] Docket No. 24 ¶ 58.

[37] *Milestone Elec., Inc. v. Nice inContact, Inc.*, No. 2:20-cv-00630-TC-JCB, 2021 WL 5007707, at *2 (D. Utah Oct. 28, 2021).

Defendant argues that the Complaint fails to allege the first two elements of breach of contract. The Court agrees. First, it is unclear from the Complaint whether Plaintiff is pleading a separate oral contract or whether he is treating the promise as a term of the written employment contract. The Complaint and Plaintiff's Response are also silent as to Plaintiff's performance under either type of contract. Furthermore, as discussed above, the Complaint fails to plead how Defendant breached the agreement as there are no allegations that Defendant brought the product line public at any time during Plaintiff's employment or thereafter.

Accordingly, Plaintiff fails to state a claim for breach of contract under this theory. However, as above, it appears at least possible that Plaintiff could amend his Complaint to state a plausible claim for breach of contract as to the equity promise. The Court will therefore allow Plaintiff leave to amend the Complaint as to this claim.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Partial Motion to Dismiss (Docket No. 30) is GRANTED; It is further

ORDERED that Plaintiff has fourteen (14) days to amend his Complaint as discussed above.

DATED March 10, 2026.

BY THE COURT:

_____
TED STEWART
United States District Judge